UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELECTIVE WAY INSURANCE
COMPANY,

       Plaintiff,                              Case No. 1:15-cv-1034

v.                                              HON. JANET T. NEFF

GARY LEONARD et al.,

       Defendants.
_____/

## **OPINION**

Pending before the Court in this insurance declaratory judgment action is Defendant Gary Leonard's ("Leonard") Motion for Dismissal, based on the Court's discretion to decline jurisdiction, or in the alternative, on principles of res judicata (Dkt 24). Responses have been filed by Plaintiff Selective Way Insurance Company ("Selective" or "Plaintiff") (Dkts 26, 27) and Defendants Pamela Leonard; Vineyard Inn on Suttons Bay, LLC; and Wine Country Weddings & Events, LLC (the "Vineyard Inn Defendants") (Dkt 28). Defendant Gary Leonard has filed a Reply (Dkt 30), and the Vineyard Inn Defendants have filed a further Reply (Dkt 29). The Court also granted Leonard's request to file a supplemental brief (Dkt 33): (1) apprising the Court of a recent jury trial and verdict in a related state court negligence action, *Gary Leonard v. The Vineyard Inn on Suttons Bay LLC, et al.*, Leelanau County Circuit Court, case no. 17-9864-NO; and (2) withdrawing his motion for alternative relief based on res judicata.

Having fully considered the parties' submissions, the Court concludes that oral argument would not assist in the disposition of the issues presented. *See* W.D. Mich. LCivR 7.2(d). The

Court declines to exercise jurisdiction over this declaratory judgment action. Defendant Leonard's motion to dismiss without prejudice is granted.

## I. Facts[1]

Pamela Leonard is the owner and day to day operations manager of The Vineyard Inn, which has two associated business entities: a d/b/a Corky's Winebar & Beach Bistro, and Wine Country Weddings & Events LLC (hereinafter collectively referred to as The Vineyard Inn) (JSSF, Dkt 25 at PageID.225, ¶¶ B, C). Selective issued to The Vineyard Inn and Pamela Leonard a commercial policy of insurance, policy number S1943012, that afforded commercial property coverage; commercial general liability coverage; commercial automobile coverage; commercial inland marine coverage; and commercial umbrella coverage (*id.*, ¶ F). As of June 8, 2013, the Selective policy was in effect (*id.*, ¶ G).

In 2010, Gary Leonard, age 61, separated from his job at Wells Fargo and for the statutory period drew unemployment benefits. Thereafter, he considered himself retired and commenced receiving his Social Security (*id.*, ¶ H). As of June 8, 2013, The Vineyard Inn was insured by Accident Fund Insurance Company of America for workers' compensation and employer's liability (*id.*, ¶ I).

On June 8, 2013, Pamela Leonard provided catering services as part of the Leelanau Peninsula Wine, Food and Music Festival (*id.*, ¶ J). Pamela Leonard asked her brother, Gary Leonard, if he could assist by loading the food truck with equipment/supplies and be available at the festival to act as her go-for (*id.*, ¶ K). On the morning of June 8, 2013, Gary Leonard loaded the

---

[1] Pursuant to this Court's dispositive motion procedures, the parties have filed a Joint Statement of Stipulated Facts and Exhibits (JSSF) (Dkt 25). The key underlying facts are set forth from the JSSF for purposes of the motion.

food truck with prepared food, equipment, and supplies (*id.*, ¶ L). That morning, while Gary Leonard was in the galley kitchen of the truck, an explosion occurred when propane gas ignited—presumably when he attempted to light the stove's pilot (*id.*, ¶ M).

On July 17, 2013, Accident Fund, on behalf of The Vineyard Inn, filed a "Notice of Dispute" regarding Gary Leonard's claim for workers' compensation benefits with Michigan's Workers' Compensation Agency (*id.*, ¶ R). On October 10, 2013, Selective sent a letter of denial of claim to Gary Leonard (*id.*, ¶ U).

On May 2, 2014, the Grand Traverse County Circuit Court case of *Gary Leonard v. Selective Insurance Company of America*, case no. 14-30329-CK, was filed (*id.*, ¶ AA). In the Circuit Court case, the parties engaged in and completed discovery, which included Selective's production of a 1,795 page claims file regarding Gary Leonard's PIP claim and Pamela Leonard's fire/property claim (*id.*, ¶ CC(1)). The claims file disclosed that on July 17, 2013, Accident Fund informed Selective that it was denying the workers' compensation claim; Selective's claim log summarized Accident Fund's basis for denial as: "he is not an employee, he was just helping his sister out, he was not being paid for his help, and volunteers are not listed under the w/c policy for having coverage" (*id.*, ¶ CC(1)(ix)).

On February 9, 2015, Grand Traverse County Circuit Court Judge Philip Rodgers conducted a hearing on Selective's Motion for Summary Disposition (in the *Leonard v. Selective Insurance* case) and issued an oral opinion from the bench granting the motion (*id.*, ¶ GG). Judge Rodgers ruled that Selective's insurance contract did not afford coverage to Gary Leonard because his bodily injury did not result from the ownership, maintenance, or use of an auto as an auto (*id.*, ¶ HH).

On May 6, 2015, Plaintiff Gary Leonard filed a personal injury action against The Vineyard Inn on Suttons Bay LLC, Wine Country Weddings & Events LLC, and Pamela Leonard in Grand Traverse County Circuit Court, *Gary Leonard v. The Vineyard Inn on Suttons Bay LLC, Wine Country Weddings & Events LLC, and Pamela Leonard*, case no. 15-30965-NO (*id.*, ¶ II).

On October 9, 2015, Selective filed this Declaratory Judgment Action (*id.*, ¶ PP), seeking a declaration pertaining to Selective's defense in the above personal injury action, that there is no insurance coverage available under the insurance policies for the injuries to Gary Leonard because: (1) Gary Leonard was performing services under an expectation of pay at the time of the incident, and (2) Gary Leonard is considered an employee for purposes of the Employers Liability Exclusions under these policies (Compl. Dkt 1 at PageID.1-3).

The state court personal injury action was subsequently dismissed by stipulation (JSSF, ¶ NN).  However, on March 30, 2016, Gary Leonard refiled the personal injury action against the Vineyard Inn Defendants in Grand Traverse County Circuit Court, case no. 16-31520-NO (*id.*, ¶ OO).

In his supplemental brief (Dkt 33), Leonard states that the Vineyard Defendants' first asserted affirmative defense in the state court negligence action, *Gary Leonard v. The Vineyard Inn on Suttons Bay LLC, et al.*, in Leelanau County Circuit Court, case no. 17-9864-NO,[2] was that Leonard's claims are barred by the exclusive-remedy provision of the Michigan Worker's Disability Compensation Act (*id.* at PageID.561).  On February 14, 2017, a four day trial of the state court negligence action commenced, in which the parties stipulated that on June 8, 2013, Gary Leonard

---

[2]The Leelanau County Circuit Court case is not mentioned in the JSSF.  It would appear the case involves the same or similar matters of liability as raised in the Grand Traverse County Circuit Court cases.

4

was not an employee of The Vineyard Inn; he was not an employee of Wine Country Weddings & Events, LLC; and he was not an employee of Pamela Leonard (*id.*). Further, Pamela Leonard, Gary Leonard's sister, testified that he was volunteering to help her on that day (*id.* at PageID.562). The state trial court, Circuit Judge Thomas G. Power, directed a verdict in favor of Gary Leonard on the affirmative defense of the exclusive-remedy provision of the Michigan Worker's Disability Compensation Act, determining as a matter of law that Gary Leonard was not an employee of any of the Vineyard Defendants (*id.*). The jury thereafter rendered a verdict in favor of Gary Leonard of $5,009,269.07 in damages (*id.*).

Leonard now withdraws all arguments pertaining to res judicata in this action, and requests only that this Court abstain from exercising jurisdiction pursuant to 28 U.S.C. § 2201 (*id.* at PageID.563).

## II. Legal Standard

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton*, 515 U.S. 277 at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). Ultimately, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the

teachings and experience concerning the functions and extent of federal judicial power.'" *Id.* (quoting *Wycoff*, 344 U.S. at 243); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004).

### III. Analysis

The Sixth Circuit Court of Appeals has recognized two principal criteria favoring declaratory relief: "'(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (quoting E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941)) (formatting altered). If neither of these results can be accomplished, the court should decline the request for declaratory relief. *Id.*

Five factors must be considered in deciding whether to exercise jurisdiction:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Grand Trunk W. R.R. Co.*, *supra*; *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008).

Selective admits that the sole issue in this action is the "employee" status of Gary Leonard (Dkt 27 at PageID.529). On the facts and circumstances presented, an extended analysis is

6

unnecessary to conclude that this Court should decline to entertain Selective's request for declaratory relief. The above principles soundly support deferring to the state courts to decide the matter of Gary Leonard's "employee" status and Selective's policy exclusions.

Most significantly, factors four and five strongly favor the state courts' resolution of the issue presented. The issue whether Leonard was an employee of the Vineyard Defendants or instead volunteering his services on the date of the incident has already been presented and partially, if not fully, determined in various contexts at the state level. The issue was ruled upon by the state circuit court in the negligence action.

Three subfactors are to be considered when determining whether the action will increase friction between federal and state courts (factor four). These subfactors include: (1) "'whether the underlying factual issues are important to an informed resolution of the case'"; (2) "'whether the state trial court is in a better position to evaluate those factual issues than is the federal court'"; and (3) "'whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.'" *Flowers*, 513 F.3d at 560; *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

In this case, all three subfactors support resolution in the state court of the parties' disputes over the question of Leonard's "employee" status. Given the extensive discovery and testimony necessarily generated in the various state actions, a declaratory ruling by this Court would only serve to increase the friction between the federal and state courts. There is no assertion here that federal law is in any way implicated in this case. To the contrary, the legal issues related to both Leonard's status and policy coverage appear to rest wholly on state law and underlying factual issues that have

already been raised and decided in various contexts at the state level. Where a federal court is required to make factual findings that may conflict with similar findings of the state court, the exercise of jurisdiction is inappropriate. *Flowers*, 513 F.3d at 560.

Likewise, with regard to factor five, the matter of Leonard's "employee" status was implicated in the state court negligence action, and potentially in the insurance action filed by Leonard against Selective. Selective has an alternative remedy in the state courts, which would be better and more effective.

The remaining factors carry no special weight in favor of declaratory relief. Regarding *whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue*, even if this action would clarify the legal relations between the parties, it would undoubtedly confuse the issues of liability in the state courts. The Court finds no evidence one way or another concerning *whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata*," thus this factor is neutral. Finally, whether a declaratory judgment would settle the controversy is open to question.

### IV. Conclusion

The question presented in this case is intricately tied to the numerous claims that have been presented in the state proceedings, and the state courts are in a better position to evaluate and render an appropriate ruling on Selective's defense pertaining to the Employers Liability Exclusions under Selective's policies. Having considered all of the *Grand Trunk* factors, the Court in its discretion

8

declines to exercise jurisdiction in this declaratory judgment action. Leonard's motion to dismiss without prejudice is granted. An Order of Dismissal will be entered consistent with this Opinion.


Dated: March 8, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge